PeaRsou, J.
 

 The plaintiff claims, as assignee of ¥m. E. Gash, under a deed executed by Samuel Jenkins, dated March 10, 1836. The deed must be construed in reference to the purpose for which it was made. That appears upon the face of it to have been to enable Gash to operate a saw-mill, which he was about to erect, by carrying the water over Jenkins’ land. Eestrained by this rule of construction, the words “ bargained and sold
 
 so much of my land, &e.,
 
 as will conveniently convey the water to a saw-mill, so as to be to his profit and advantage,” do not amount to a conveyance, or an agreement to convey any part of the
 
 la/nd
 
 of Jenkins; because it was not necessary for the purpose for which the deed was made, that any part of the land should be conveyed to Gash ; while, on the other hand, if a strip of land passing through a
 
 *472
 
 tract, becomes the property of another,, it miglrt subject the owner of the tract to much ineonyenienco and Idss.. Eor instance, if Gash became the owner of this strip of land, although he and Jenkins would not, in all probability, ever have any difficulty about it, yet it would pass into other hands, and those claiming under Gash, would Lave title “up to the Heavens, and down to the centre of the earth,” and could prevent those claiming under Jenkins from making a
 
 bridge over
 
 the race ; because it would “ break, his- close ” and
 
 pass over
 
 his land, and. thus prevent access from one part of a field to the other» Without multiplying instances, this is enough to show that it was not the intention of the- parties, although the word
 
 land
 
 is used, to pass the land itself;, and the proper construction of the deed is to give to it the legal effect of vesting in Gash a right to. cut the race; to put a dam across the creek, and to back the water so as to turn it into, the race. This right, privilege, or easement, together with the right ©f ingress and regress, as often as it was necessary to clean out and repair the race and dam, (which, of course, would be implied,) is all that it was necessary for the one to grant, or the other to have. The deed is silent as to the quantity of estate which it was intended to convey. There are no words of limitation, and by the rule of the common law, in reference to a grant of land, only an estate for. the life of the grantee would pass. Here the rule of construction comes in again. As the professed purpose- is. to convey water to a mill, of course it was the intention that the supply of water should be kept up as long as the party wished to operate the mill. Eew would be at the expense of erecting a mill, if the supply of -water depended upon the uncertainty of life. ¥e think there ivas a
 
 base
 
 or
 
 qualified
 
 fee granted in this easement, and that Gash, his heirs and assigns are entitled' to it, so long as they continue to operate the mill.
 
 Whitehead
 
 v. Garris, 3 Jones’ Rep. 171.
 

 The parties carried this deed into effect themselves, and identified the subject of the grant by locating the race, fixing its limits, its width, and depth, locating the dam, fixing its
 
 *473
 
 height, and the distance the Water was to he ponded back; they and all 'claiming under them on both sides, are bound by these acts done in pursuance of the deed, not “ as long as Water runs'or trees grow,” (which was the language used by the grantor, according to one of the witnesses,) but as long as Gash, and those claiming under him, may wish the
 
 mill to run.
 

 In strict fulfilment of liis duty, under this deed, and to give it full effect, Jenkins inserts in his deed to the defendant Russell, “ with the exception of a certain mill-race already cut on it.” Afterwards the plaintiff came in under 'Gash, and the defendant Russell, under Jenkins, and this state of things continued until the year 1852. Russell bought
 
 cumonere.
 
 T-Tis deed sets out an express exception; and the question is, upon what ground can lie get rid of it, and meet the equity-of the plaintiff?
 

 lie alleges, that finding the effect of the 3am "at file head of the race was to pond back the water so as to render sobby and greatly injure much Amluable land of his, and, “ being under the conviction that the plaintiff was'liable to him for damages, he threatened, and contemplated a suit for the same,” &c.; but from reluctance to commence litigation, he proposed to the plaintiff, that he would allow him to cut a new race, beginning higher up the creek, to be used in place of the old one, so that the dam might be taken away, and the Old race filled up ; and that he would pay'half the expense of cutting the new race; that plaintiff agreed to this proposition; the new race was accordingly cut, and the plaintiff agreed to accept it in place'of the'old-one.
 

 This ground is not tenable, for two reasons. The plaintiff’s right is “ an interest in land,” an incorporeal hereditament
 
 “
 
 which lyeth in grant;” it could not, therefore, be conveyed except by
 
 ¿leed/
 
 and an
 
 agreement
 
 to
 
 convey
 
 it, -is void under the statute of frauds. But, in the second place, rt 'is not supported by the proofs. The 'facts are, fhat when the defendant Russell threatened to sue for damages, he and the plaintiff came to an understanding, that a race should be cut, taking
 
 *474
 
 the -water out of the creek at a point higher up ; each to pay one half the expense; and if, upon trial, it was found to answer the purpose as well as the old race, the plaintiff was to relinquish his right to the old race. It was accordingly cut, hut did not answer the purpose, as it left the creek nearly at a right angle, and the water could not he made to flow into it without a dam, which would pond the water back upon the land ol“ a third person ; and besides, owing to the locality, it would fill with sand after every rain; so the plaintiff refused to accept it in place of the old race; hut, nevertheless, the defendant Bussell tore away the dam at the head of the old race, and filled it up and ploughed over it, in defiance of the remonstrances of the plaintiff.
 

 In the mildest terms in which we can characterise it, this act of the defendant Bussell, was a high-handed invasion of the rights of the plaintiff, and he has an equity to be put in
 
 statu quo,
 
 at the expense of the defendant Bussell.
 

 It was suggested.that, in the view of the case taken by the Court, the contract being an executed one, and the title of the plaintiff complete, he has a remedy at law. The remedy pt law is clearly inadequate, and the case falls under a well-settled head of equity jurisdiction, i. e., “confusion of boundaries.” It is thus defined by Adams, page 238 : “ where boundaries have been confused by the misconduct of the de-fen dant, or of those under whom he claims, the Court will issue a commission to ascertain the boundaries; it will, at the same tipie, if necessary, decree an account of rents and profits.”
 

 There will be a decree declaring the right of the plaintiff, and directing a commissioner to go upon the land and mark off a race in the site of the old one, fixing the same width and depth, and the location for a dam in the site of the old one, fixing a corresponding height; and he will report what it will cost the plaintiff to put the race and dam in the same plight and condition that it was in when formerly used; he will also report the ‘profits that the plaintiff has lost by having the operation of the mill suspended.
 

 
 *475
 
 The decree will enjoin the defendant Russell from hindering or interfering with the plaintiff in his ingress and regress, as often, and at all times that may be necessary, in order to open or repair the old race, and build a dam on the site of the old one; and there must be a perpetual injunction against the defendant Russell, and all claiming under him, from interfering, in any way, with the full exercise and enjoyment of the easement by the plaintiff and those claiming under him.
 

 The bill will be dismissed as to the other defendants. They were not necessary parties.
 

 The cause will be retained for further directions upon the report of the comfnissioner.
 

 Pee Oueiam. Decree accordingly.