HARBER v. EVANS, *Appellant.*

1.  Contract: PARTY WALL : INJUNCTION.   Injunction will lie to restrain one who builds a party wall from placing therein windows and other openings, where such wall was built under an agreement with the adjoining proprietor that either party might build a wall between their premises, one-half of which should rest on each lot, and that the other should have the right of joining to the wall upon paying one-half the value of so much thereof as he should attach to.

2.  ———— : ———— : ————.   The remedy by injunction may be invoked in such case regardless of whether plaintiff intends to use the wall or not.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*T. A. Witten* and *Geo. Hall* for appellant.

. ( 1 ) The principal point we make in this case is that the petition does not state facts sufficient to entitle the appellee to the relief prayed for and granted by the court, or that the agreement set forth in appellee's petition does not prohibit appellant from leaving openings or windows in the wall, and that in the absence of such prohibition, either in the agreement or by statute,

appellant has the right at common law to leave said openings and windows. The only authority we have been able to find bearing directly upon the point is a Delaware case in which the court makes the following declaration : " Neither at common law nor by the Delaware revised code, 228, relating to the rights of adjacent owners, is a person prohibited from constructing windows in a division wall, although the privacy and convenience of the .adjoining premises is thereby impaired." *Pierce v. Lemon*, 2 Houst. (Del.) 519. (2) A party wall can only become such in one of three ways, viz.: By statute, agreement or by prescription. *List v. Hornbrook*, 2 West Va. 346 ; Washburn on Easements and Servitude, 548. And this wall being created by contract, the intention of the parties must be gathered from the entire instrument. *Shultz v. Beely*, 40 Mo. 69. The parties must make their own contracts and courts cannot relieve against injudicious ones. *Webb v. Ins. Co.*, 24 Mo. 3. (3) Either party has the right to make any repairs, changes or additions to a party wall ( without injury to others) unless barred by the agreement or by statute. *Brooks v. Curtis*, 10 Am. Rep. 545 ; *Fettretch v. Leamy*, 9 Bosw. (N. Y.) 525 ; 2 Wait's Act. & Def. 724, 725 ;·*Partridge v. Gilbert*, 69 Am. Dec. 632 ; *Dauenhauer v. Devine*, 32 Am. Rep. 627.

*Stephen Peery* and *E. M. Harber* for respondent.

A party wall is a wall in common erècted on the line between two adjoining estates belonging to different persons for the use of both estates ; it must be a solid wall without openings, and the owners of a " party wall " will continue to own the land, as before the building of the wall, in severalty. As the agreement set out in plaintiff's petition provides for a " party wall," the appellant cannot use respondent's lands for the erection of any other wall, or a wall for his exclusive use and benefit, and windows have no place in such a wall ; as

the contract does not provide for the placing of windows, doors and other holes therein the same must be a solid wall. *Dauenhauer v. Devine*, 51 Tex. 580 ; 32 Am. Rep. 657 ; *Sullivan v. Graffort*, 35 Iowa, 531 ; *St. John v. Jweeney*, 59 How. Pr. (N. Y.) 175 ; 11 U. S. Dig. New Series, 674 ; *Volner's Appeal*, 61 Pa. St. 118 ; *Vansycle v. Fryon*, 6 Phil. (Pa.) 401 ; *Fettretch v. Leamy*, 9 Bosw. 510 ; 2 Wait's Dig. N. Y. Rep. 1183 ; 2 Wait's Act. & Def., p. 724 ; Bouvier's Law Dict. [15 Ed.] p. 377. There it is said a party wall can only be built for mutual support ; painting a sign on it is unlawful, referring to 2 W. N. C. 333 ; *Rankin v. Charless*, 19 Mo. 490 ; Tiedeman on Real Prop., sec. 620, p. 448 ; *Nash v. Kemp*, 12 Hun, 597 ; *Mendell v. Delana*, 7 Metc. 176. The erection of the wall, as proposed by appellant, would have been a continuous trespass and nuisance, and injunction was respondent's proper remedy. High on Injunctions, secs. 547–8 ; *Dauenhauer v. Devine*, 51 Texas, 480 ; *Sullivan v. Graffort*, 35 Iowa, 531 ; R. S. 1879, sec. 2732, and other cases above cited. Then it was alleged in the petition, plaintiff was without any adequate remedy at law and that defendant was insolvent, and, while these facts were denied by the answer, they were again asserted and put in issue by the replication, and the court having found all of said issues for respondent, its action cannot be reviewed in this proceeding, and in either of these cases, or even if the damages of respondent were not capable of fair estimation and were such that could not be fairly (fully) compensated, equity would interfere. *Railroad v. City of Springfield*, 85 Mo. 674 ; *Carpenter v. Grisham*, 59 Mo. 247.

SHERWOOD, J.—The object of this proceeding was to prevent the defendant, then engaged in building a party wall, from placing therein, in the second and third stories thereof, windows and other openings, in violation of an agreement theretofore entered into between

the parties litigant as follows: "This agreement made and entered into this the twenty-sixth day of June, A. D. 1886, by and between Edgar M. Harber and Lizzie D. Harber, his wife, of Grundy county, Missouri, parties of the first part, and Edward Evans and Nettie Evans, his wife, of Grundy county, Missouri, parties of the second part, witnesseth: That whereas the said Edgar M. Harber of the parties of the first part and Edward Evans, party of the second part, are owners of adjacent lots and parcels of ground in lot sixteen (16), in the town of Trenton, in Grundy county, Missouri, and for the purpose of building a party or middle wall between the lots or parcels of ground so owned by the last-named parties, they agree with each other that the said Edward Evans, his heirs, executors or assigns build the southwest wall of the building he now proposes to build, and has in process of erection, so that the center of said wall shall be on the line that divides their said lots, that is to say, that each party shall furnish one-half the ground covered by said wall, and, when so built, said wall shall in all respects be a party wall between said lots and said parties. Or in case said Edward Evans his heirs, administrators, executors or assigns should not complete the building he now has in process of erection in a reasonable time then all the rights herein granted to him shall also attach to the said Edgar M. Harber, his heirs, executors, administrators or assigns to commence the erection of and build a wall as above specified, and the rights and privileges to commence and build said wall shall attach alike to both parties hereto, and it is further agreed that whenever either party shall erect a wall as heretofore specified the other party or his heirs, executors, administrators or assigns shall have the right to join onto said wall by payment to the opposite party of one-half the value of said wall at the time of so joining to same, or one-half the value of such portion of said wall as he shall attach to. In witness," etc.

The answer admitted the building of the wall with openings as alleged, but contended that this was no violation of the agreement thereby. The temporary injunction granted at the outset of the litigation was, on the final hearing, made perpetual.

Undefined by statutory regulations or by the agreement of the contracting parties, what is the meaning of the words "*party wall*"? is one of the salient questions and the chief bone of contention in this cause.

An eminent author says: "By party walls are understood walls between two estates which are used for the common benefit of both." 2 Wash. Real. Prop. [5 Ed.] 385. While this definition is sufficiently accurate and comprehensive for ordinary purposes, it scarcely meets the requirements of the case at bar.

Indeed, it has been said that the term "*party wall*" and the rights which the owner or grantee acquires by mere force of the employment of that term in a grant or covenant have never been judicially defined, but it was also said in the same case that a "party wall" when used in such an instrument and in its general ordinary signification means a dividing wall between two houses, to be used equally, for all the purposes of an exterior wall, by both parties, that is by the respective owners of both houses. *Fettretch v. Leamy*, 9 Bosw. 510. These utterances, though but those of a single judge, appear to have met the approval of the learned author already cited. Wash. Easements [3 Ed.] 567.

The central idea, the true, comprehensive and undivided meaning of the term "party wall," where used in an instrument such as the one under consideration, would seem to be that of *mutuality of benefit*, and that idea is at war with any *exclusive* use of such wall by either proprietor. The effect of such contracts is to create in each owner of such wall reciprocal easements in the wall when built. *Sharp v. Cheatham*, 88 Mo. 498, and cas. cit. In short, the idea of *reciprocity*

pervades the whole contract, and effectually excludes the idea of any exclusive use of the wall.

If this view is the correct one, then it follows that under a proper construction of the contract between the parties, that the defendant improperly attempted to thwart the purposes of that contract, by the manner in which he was building the common or party wall, leaving openings therein for his own exclusive use.

This view meets with support in the following cases: In *Sullivan v. Graffort*, 35 Iowa, 531, an injunction was granted to prevent the defendant from making openings in a common or party wall built and paid for by him between two houses; and it was adjudged that plaintiff was entitled to the relief prayed; that defendant, while entitled to the use of the wall, could not subject it to any additional burden than that of using it as *a wall in common;* that any other use, to-wit, making openings therein, subjected it to a servitude foreign to such use, and the objects and purposes of the statute, and that such limitation of the use was equally assertive whether before or after the wall became one in common by payment by each party of his proportionate share of the cost of erection. The force and effect of this authority is not at all diminished by the fact that rulings made were based upon statutory provisions; for those provisions were substantially identical with those of the contract before us.

In the case of *Dauenhauer v. Devine*, 51 Tex. 480, a similar ruling was made. In that case the original agreement was for building a "party wall," Devine to build it, Dauenhauer to give half the ground on which the wall was to rest, and to pay half of the cost of the wall. Under this agreement, Devine built a two-story building, Dauenhauer having at that time a one-story building on his lot. Subsequently, Dauenhauer began the erection of a three-story building on his lot, and, being about to raise the party wall for that purpose, was induced by Devine to sign an agreement that such

wall should be a "*dead wall.*" As the work went on, however, Dauenhauer, either mistaking, or else ignoring, the second contract, constructed the wall of the third story, not as a "*dead wall,*" but one with divers openings in it, and upon this it was ruled that the second agreement, having no consideration to support it, was therefore void ; but that the original agreement, being for "a party wall or a dividing wall between their houses, obviously did not contemplate windows or doors."

And so the injunction prayed for was made perpetual. That injunction is the proper remedy, in instances like the present is shown already by the cases cited.

But the trespass in this case was of a continuing nature, whose constant recurrence rendered the remedy at law inadequate by reason of the fact that each disturbance of plaintiff's easement in the wall would have formed the basis of a fresh suit ( *Blunt v. McCormick*, 3. Den. 283), to avoid the necessity of which, equity will interpose by injunction. 1 High on Injunc. [ 3 Ed.] sec. 697. Besides, the trespass or the disturbance of plaintiff's easement in the party wall would, if permitted to continue, ripen into an easement, and this itself is ground also for equitable relief. 1 High on Injunc. [ 3 Ed.] sec. 702.

But citation is made of the case of *Pierce v. Lemon*, 2 Houst. 519, as being opposed to the ruling made by the court below, but this is altogether a misapprehension. There the plaintiff and the defendant were the owners of adjoining lots in the city of Wilmington, and the latter built a party or division wall of a brick stable with three windows therein, commanding a view of plaintiff's back yard, etc., and it was held that an action on the case could not be maintained ; that the only remedy plaintiff had was to build blinds or other erections in front of the obnoxious openings, and thus cut off the defendant's view. 3 Kent, Com. [ 13 Ed.]

448 ; 1 Saund. Pl. & Evid, 117 ; *Moore v. Rawson*, 3 Barn. & Cress. 340.

But, obviously, this familiar doctrine has nothing whatever to do with the case at bar. There is a world-wide difference between making windows or doors in a wall overlooking a man's. *garden*, and making similar openings whereby access could be had to the private rooms in a man's *dwelling-house!* To state such a case is sufficient to show its entire inapplicability in a cause like this.

Another objection raised to the validity of the ruling below is that the petition does not allege that the plaintiff ever *intends* to *use* the party wall. This is true ; but there are several answers to that objection : Whether plaintiff intended to use the wall or not is quite immaterial, since under the contract he had acquired a valuable right which was the subject of sale and transfer, which right was worthy of protection, and should be protected by a court of equity.

The evidence in this cause is not preserved in the record, but if evidence of that sort was necessary to plaintiff's case, and had been introduced, this would have authorized the trial court, the variance not being material, to have found the facts, according to the evidence, without any amendment ( Revised Statutes, 1889, sec. 2097 ), and the evidence not being preserved it will be presumed that the action of the lower court was correct in this particular, and justified by the unpreserved evidence. But, aside from this view, if, as heretofore considered, defendant had repudiated the terms of his contract, he thereby forfeited plaintiff's consent given by that contract that he might build one-half of the wall on plaintiff's land, and became in consequence thereof a trespasser *ab initio*, engaged in building a permanent structure on plaintiff's land without his consent. This of itself would furnish ground for the relief sought. The judgment should be affirmed. All concur.