W. H. RUFFIN, Administrator, v. SEABOARD AIR LINE
RAILWAY.

(Filed 24 November, 1909.)

1. **Railroads—Deeds and Conveyances—Easement, Reservation of—
Fee.**

A provision in a deed of lands to a railroad company for depot
purposes, that the grantor should have the right to erect a ware-
house partly on the lands described and conveyed, provided a
width of 115 feet be left to the railroad company, reserves to the
grantor a descendable, assignable and transferable easement
therein for the stipulated purpose and to the extent specified in
the deed.

2. **Same—Words of Inheritance.**

An easement in fee in lands reserved by the owner in his deed
thereto, does not require the use of the words of inheritance, for
the thing excepted is not granted and the grantor retains it by
virtue of his original title.

3. **Same—Statute.**

Under the Code of 1883, sec. 1280, a reservation by the grantor
in his deed of an easement in the lands conveyed will be con-
strued to be an easement in the fee unless the contrary intent
appears from the conveyance.

4. **Same — Determinable Fee — Rights Appurtenant — Permissive
User.**

A stipulation in a deed of land to a railroad company for depot
purposes was that the grantor shall have the right to erect ware-
houses along certain sides of the lands, provided they do not
encroach upon any portion of the depot ground of the width of
115 feet, and in accordance with such right the grantor erected a
warehouse partly on his own land and extending upon the lands
conveyed a distance of twenty-three feet, which was occupied con-
tinuously as such since its erection by the grantor, his heirs and
assigns. *Held*, (1) whether by way of reservation or exception,
the grantor retained for warehouse purposes, a determinable fee
in the land conveyed to the extent of the twenty-three feet; (2)
that this right was appurtenant to the land covered by the other
part of the warehouse; (3) that the question of whether a per-
missive user of a railroad right-of-way would ripen title to the
easement reserved did not arise.

Appeal from *Cooke, J.,* January Term, 1909, of Franklin.

On 17 July, 1885, J. F. Jones executed to the Louisburg Rail-
road Company a deed, conveying a depot site at Louisburg,
N. C., the metes and bounds of which are set forth in said deed.
This deed contained the following stipulation: "It is further
stipulated that the said parties of the first part shall have the
right to erect a warehouse along the southwest side of said lands
and upon the southwest margin of said road, provided they do

RUFFIN *v.* RAILROAD.

NOTE,

LAND BOUNDED BY DOTTED LINES
ACQUIRED FROM J. F. JONES & WIFE
UNDER DEED JULY 17TH 1885.

not encroach upon any portion of the depot ground, of the width of 115 feet on the grade, so that the railroad company shall have a width of depot grounds of at least 115 feet on the grade."

In 1885 or 1886 J. F. Jones erected upon the margin of said land a warehouse, extending a distance of about twenty-three feet over upon the land of the said railroad, but leaving an unobstructed width of 115 feet of depot ground. This warehouse has been used and occupied by J. F. Jones and his heirs and assigns continuously since its erection, and is now so used as a warehouse.

J. F. Jones is dead, and William H. Ruffin has qualified as his administrator. In the course of the administration of the estate it became necessary for the administrator to file a petition to sell the land upon which the warehouse was erected, to make assets, and under said petition an order of sale was made and William H. Ruffin appointed commissioner.

The lot was sold to J. M. Allen for the sum of $2,205, but upon investigation it developed that the warehouse situated on the said lot extended twenty-three feet beyond the boundary of the land conveyed to the Louisburg Railroad Company, which lot now belongs to the Seaboard Railroad Company. J. M. Allen thereupon refused to complete the purchase unless some concession in price was made by the commissioner. The commissioner refused to make any concession and brought this action to force the said J. M. Allen to take the property and pay the price agreed upon.

The Seaboard Air Line was made a party defendant in this action and filed answer therein, setting up its right to the entire tract conveyed to the Louisburg Railroad Company by J. F. Jones, free from any right of the heirs or assigns of said J. F. Jones to occupy any part thereof for any purpose whatever.

The facts were agreed upon and the matter submitted to *Cooke, J.,* at January Term, 1909, of Franklin. Upon the facts found, in accordance with the facts agreed, *Judge Cooke* rendered the following decree:

"It is, therefore, by the court ordered, adjudged and decreed that the stipulation in said deed contained, reserved to the said J. F. Jones a descendable, assignable and transferable easement in, to and upon said strip of land described in the pleadings, on the southwest side or margin of said depot site, of the width of about twenty-three feet, for the use and occupation thereof for warehouse purposes, and that such easement descended to the heirs and assigns of the said J. F. Jones, and that the same is therefore salable and assignable by the said administrator and

commissioner. But it is further ordered, adjudged and decreed that such easement is limited to the use and occupation of said strip of land for warehouse purposes only.

"It is further ordered, adjudged and decreed that said administrator and commissioner tender to the purchaser a deed for the land so sold, including said easement, as herein declared, and that upon the payment of the purchase price bid, to-wit, $2,205, with interest on the same from 25 May, 1908, till paid, at the rate of six per cent. per annum, the said commissioner deliver such deed to him.

"In the event of the refusal of said purchaser to take conveyance, as aforesaid, it is further ordered, adjudged and decreed that said William H. Ruffin, commissioner, make resale of said premises, after thirty days' advertisement in some newspaper, as required by law, and that at such sale he shall sell separately the easement in, to and upon said strip of land, about twenty-three feet in width, along the southwest margin of the depot site of the defendant railway, as herein declared, and shall sell separately the remainder of said land and premises, to-wit, that part of the land owned by said J. F. Jones in fee.

"Said commissioner will report his proceedings herein to this court.

"It is further ordered that the costs of this action shall be paid by the commissioner, out of the proceeds of sale."

The defendant Seaboard Air Line Railway excepted to the foregoing decree and appealed.

*W. H. Ruffin, Bickett & White* and *Spruill & Holden* for plaintiff.

*Murray Allen* for defendant.

CLARK, C. J., after stating the case: This case presents a single question, i. e., the construction of the stipulation contained in the deed from J. F. Jones to the Louisburg Railroad Company, by which it was agreed that the said Jones should have the right to erect a warehouse on the land conveyed, provided an open space of 115 feet was left for use by the railroad company as depot grounds. It is admitted that the defendant has 115 feet of open space, and that the warehouse erected by J. F. Jones extends twenty-three feet over the southwest boundary of the land conveyed by the deed of 1885.

The court below took the view that this stipulation reserved to J. F. Jones a descendable, assignable and transferable easement in the twenty-three-foot strip of land, but that this easement is restricted to warehouse purposes.

The contention of the Seaboard Air Line Railway is that this stipulation in the deed is nothing more than an agreement between the Louisburg Railroad Company and J. F. Jones, or license, that he could erect a warehouse, and that the right to occupy the land for that purpose expired upon the death of the said Jones.

We do not think the clause in the deed from Jones can be construed to be a license to him—a license is granted by the owner of the land; besides, as a rule, a license is voidable at the will of the owner (Washburn Easements, 3d Ed., sec. 15; Jones Easements, sec. 69), which certainly was not the intention here.

The defendant's contention, that if this was an easement it expired at the death of the grantor, Jones, cannot be maintained. It was created by way of exception, and, "If created by way of exception, words of inheritance are not necessary to create an easement in fee, if the grantor owned the fee of the premises at the time of the conveyance, for the simple reason that the thing excepted is not granted, and the grantor retains a part of the estate by virtue of his original title." 14 Cyc., 1165; Jones Easements, sec. 89.

*Hamlin v. Railroad,* 160 Mass., 459, held that a deed of a railroad right of way, releasing all claims for damages, but reserving to the grantor a private crossing over the track, along the course of a previously existing cartway, excepts the cartway from the grant and does not create a new right in the grantor by way of reservation; and hence the word "heirs" is not necessary to make the easement of crossing perpetual. This case is more especially in point, because that court, in common with North Carolina, holds to the common-law distinction or doctrine. Washburn Easements, 3d Ed., p. 5.

If it be contended that the clause was in effect a reservation, and that under the strict rule of law an instrument creating an easement in fee by way of reservation must contain words of inheritance, such contention is met and avoided by the provisions of our statute in existence at the time of the conveyance (section 1280, Code of 1883), which provided that conveyances are held and construed to be in fee unless a contrary intention appears from the conveyance.

Whether the right is by way of exception or reservation, the intention of the grantor, to be ascertained from the language used and the attendant facts and circumstances, was not to except or reserve a mere life estate, but a perpetual right of user, provided always that the grantee held absolutely 115 feet. As was said by this Court in *Merriman v. Russell,* 55 N. C., 470,

"Few would be at the expense of erecting a mill if the supply depended upon the uncertainty of life." And the grantor would not have excepted or reserved the right in this case to erect an expensive warehouse—a building ordinarily erected for time, so far as human foresight and power can extend—if the tenure depended on the uncertain term of his own life. Taking into consideration that the erection of such a building was to the direct benefit of the railroad by making it a contributing factor in building up the business of the then new railroad, and taking into consideration, further, that such buildings always have been and always will be contributing agencies to the business of railroads, it is clear that the intention of both parties was to create a perpetual user. It was deemed by them to be one which would always be of benefit to both grantor and grantee. *Hall v. Turner,* 110 N. C., 292, indicates that the grantor's right in the twenty-three feet was a determinable fee.

Jones on Easements, secs. 92 and 106, says: "When it appears by the true construction of the terms of a grant that it was the well-understood purpose of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, no matter in what form such purpose may be expressed, whether it be in the form of a condition, or covenant, or reservation, or exception, such right, if not against public policy, will be held to be appurtenant to the land and binding on that conveyed to the grantee, and the right and burden thus created and imposed will pass with the lands to all subsequent grantees." Jones on Easements, secs. 92 and 106.

"That a reservation naturally operates to enhance the value of the grantor's other lands is a strong indication of his intention that it should be appurtenant to his estate and not merely personal to himself." Jones on Easements, sec. 94, p. 76.

"A reservation of an easement which is intended to be appurtenant to the land retained by the grantor is not within the rule that the word 'heirs' must be used to create an estate which will extend beyond the party making the reservation," etc. Jones on Easements, sec. 93.

*Patton v. Educational Co.,* 101 N. C., 408, is very much like the case at bar. In that case there was a grant of lands in fee, reserving an easement, as follows: "With the following reservation—that is to say, the said M. M. Patton reserves thirty-three feet for a street running from the cross street down L. C. Clayton's fence to J. P. Jordan's fence; then up Jordan's fence to the street that leads down to Patton's house." There was in the

deed, as in the case at bar, a conveyance of lands by metes and bounds, and the reservation was made within such bounds and was made without words of inheritance. The heirs of Patton brought suit for the enjoyment of the easement, which had been obstructed, and the defendant there, as here, contended that the user was confined to the life of the grantor; but the Court held that the easement descended to the heirs. It will be noted that this was not the case of a dedication of a street for public use, but the reservation of an easement for a private right of way, though it was called a street. No interest of the public appears. That case contains a review of the authorities on this point.

In the case at bar, in any event, the reservation was at the least a determinable fee, even without words of inheritance or without construction to ascertain the intent of the parties to the deed (*Hall v. Turner*, 110 N. C., 292), and under it the perpetual user of the land for warehouse purposes was retained. Our conclusion is, that, whether by way of exception or reservation is immaterial; the grantor retained for warehouse purposes a determinable fee in the land conveyed to the railroad company, outside of the 115 feet, for the length of the warehouse he erected—this right appurtenant to the ownership of the land covered by the other part of the warehouse. No rights of the defendant railroad, as a common carrier, in respect to rights of way, etc., are involved; it is not a question of permissive user of a part of its right of way, which cannot ripen into an easement, but this is the exception of a portion of the land granted, or a reservation at the least of it to the grantor; and the railroad, in its relation thereto, stands just as any other grantee not a common carrier would stand. It was a right that lay in grant, and the railroad granted nothing—had nothing then to grant—but got the clear depot space of 115 feet, as provided in the exception contained in the deed.

The judgment below is
Affirmed.