## ZEMON *v.* NETZORG.

1. EASEMENTS—PRESCRIPTION—TACKING.
   One claiming easement in private alley may not tack his claimed
   adverse use thereof on that of his predecessor in title, even if
   use by predecessor is shown to be adverse, for purpose of estab-
   lishing easement by prescription, where neither conveyance to
   him nor conveyances in his chain of title purport to convey said
   easement.

2. DEEDS—ESTATE TO PASS SHOULD BE EMBRACED IN WORDS OF GRANT.
   Ordinarily, no estate passes by deed which is not embraced
   plainly within words of grant.

3. EASEMENTS—LICENSES—WAY OF NECESSITY.
   Driveway established by adjoining owners for their mutual con-
   venience is but a revocable license to use, and does not consti-
   tute a way of necessity by which another adjoining owner
   may reach rear of his lot merely because front of his lot is
   covered with buildings.

4. SAME—MERE RIGHT OF WAY DOES NOT CONSTITUTE CONTINUOUS
   EASEMENT—IMPLICATION.
   Under common law, mere right of way does not constitute such
   a continuous easement as will pass by implication by deed.

Appeal from Wayne; Gilbert (Parm C.), J., pre-
siding. Submitted June 6, 1929. (Docket No. 76,
Calendar No. 33,809.) Decided July 8, 1929.

Bill by David S. Zemon against Rachel Netzorg
to establish an easement. From a decree for de-
fendant, plaintiff appeals. Affirmed.

*George E. Brand* and *Irwin I. Cohn* (*Sidney J.
Karbel,* of counsel), for plaintiff.

*Davidow & Davidow,* for defendant.

On right to way of necessity where other possible modes of
access exist, see annotation in 17 L. R. A. (N. S.) 1019; 32 L. R.
A. (N. S.) 1075.

POTTER, J.   Plaintiff filed a bill to establish an easement—a private right of way—across the lands of defendant from Meldrum avenue in the city of Detroit to his land, and to enjoin defendant from interfering with his use of the claimed easement. From a decree for defendant, plaintiff appeals. The easement or right of way in question is a private right of way, if anything. The owners of the northerly and southerly part of lot two, apparently by mutual consent, established and maintain a private right of way or alley between their respective holdings. Lot one lies east of lot two, and if the claimed alley in question is continued open, the end of it reaches the edge of lot one. The existence of this alley for the benefit of the owners of lot two is recognized by various conveyances. Plaintiff, the owner of lot one, acquired his property in 1911. The bill of complaint herein was filed in 1925. There is nothing in the conveyance to plaintiff or in the conveyances in plaintiff's chain of title indicating he acquired an easement in or over the adjoining premises of defendant. The disputed questions must be determined by the state of facts existing when suit was commenced. Plaintiff had not then owned his land long enough to gain any prescriptive rights. He could not tack his claimed adverse use of the alley upon that of his predecessor in title, even if the use of his predecessor was shown to have been adverse. *Sheldon* v. *Railroad Co.,* 161 Mich. 503; *Lake Shore, etc., R. Co.* v. *Sterling,* 189 Mich. 366; *Wilhelm* v. *Herron,* 211 Mich. 339; *Robertson* v. *Boylan,* 214 Mich. 27; *Bunde* v. *Finley,* 224 Mich. 634; *Hanlon* v. *Ten Hove,* 235 Mich. 227.

Plaintiff claims an easement over the adjoining land passed to him by the conveyance by which he acquired title to his property without any mention

thereof in his title deed. Ordinarily, no estate passes by deed which is not embraced plainly within the words of the grant. *Ryan* v. *Wilson,* 9 Mich. 262; *Munro* v. *Meech,* 94 Mich. 596. Plaintiff claims this case is governed by *Wortman* v. *Stafford,* 217 Mich. 554. In that case the land to which the right of way ran was isolated, and a right of way to it existed of necessity. *Powers* v. *Harlow,* 53 Mich. 507 (51 Am. Rep. 154). The driveway here involved was established for the mutual convenience of the adjoining owners of lot two, and does not constitute a way of necessity but a revocable license to use. *Wilkinson* v. *Hutzel,* 142 Mich. 674. In *Wortman* v. *Stafford, supra,* it is said:

"The question of the continuity of possession and user by successive holders in privity to sustain title by prescription is not involved here."

Neither by the common law of England nor by that of Michigan does a mere right of way constitute such a continuous easement as will pass by implication. 19 C. J. p. 918.

In *Morgan* v. *Meuth,* 60 Mich. 238, the question was presented whether a right of way across adjacent land passed by the general words "together with the hereditaments and appurtenances thereunto belonging, or in anywise appertaining," contained in a mortgage. It is said:

"This depends upon the nature of the easement. This alley was created for a passage-way, and nothing else. The only benefit or advantage claimed for it is that of a right of way. It is therefore a discontinuous easement—one the use of which can only be had by the interference of man. It is not like a drain or sewer, which are used continually without the intervention of man. Continuous easements

pass, * * * but a right of way does not, unless the grantor in the conveyance uses language sufficient to create the easement *de novo,* or because its use is absolutely necessary to the enjoyment of the premises conveyed.''

The premises of plaintiff front on Jefferson avenue. He seeks to establish an easement over adjacent property to reach the back part of his premises from Meldrum avenue. He is not entitled to a right of way over the lands of defendant of necessity. His premises are accessible from Jefferson avenue without the use of the claimed easement. Because the front of his lot is entirely covered with buildings gives him no right in property he does not own. He has not acquired an easement across the premises in dispute by prescription. He is not, under the facts, entitled to tack a prior claim of adverse user, even if it existed, on to his own. The easement did not pass to him by conveyance.

The trial court reached a correct conclusion, and its decree is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.