BUBSER *v.* RANGUETTE.

1. APPEAL AND ERROR—CLAIMS ABANDONED.
   Question as to adequacy of remedy at law and jurisdiction of equity to restrain action of ejectment, not mentioned in defendant's brief and merely touched upon by citation in plaintiff's brief but without supporting argument is presumed to have been abandoned.

2. EASEMENTS—ENCROACHMENTS.
   The right to encroach may be an easement though not necessarily so.

3. DEEDS—DETERMINABLE FEE.
   Determinable fee may not be created by implication.

4. SAME—IMPLIED RESERVATION OF EASEMENTS.
   Question involved in dispute between grantees of common owner of adjacent city lots by deeds which were silent as to wooden projection of plaintiff's structure on defendant's lot *held,* to be whether or not easement with respect thereto arose by implied reservation where defendant purchased his lot first.

5. SAME—IMPLIED RESERVATION—EASEMENT—BURDEN OF PROOF.
   To read an implied reservation into a deed is in effect to permit the grantor to derogate from his express grant and he has burden of establishing that servitude was apparent, continuous and strictly necessary to enjoyment of lands.

6. EASEMENTS—APPARENCY.
   An apparent easement is one capable of being seen or known on careful inspection.

7. SAME—DISCONTINUOUS—CONTINUOUS.
   A discontinuous easement is one the use of which can only be had by the interference of man, such as a way; a continuous one being one which is exercised without such interference, such as drains, sewers, overhanging eaves and building projections.

8. SAME—TWO-STORY WOODEN BUILDING—ENCROACHMENT.

   Two-story wooden building which encroached almost ·six feet onto defendant's land at time deed was given *held*, to have created an easement that was both apparent and continuous.

9. SAME—STRICT NECESSITY.

   Finding of court that claimed easement for encroachment on defendant's lot of two-story wooden structure used in connection with meat market on plaintiff's lot was not one of strict necessity is affirmed, where access to ground floor was yet available from both front and rear of lot, as well as to living quarters on second floor from front and ample room remained to rebuild rear stairway if desired.

Appeal from Delta; Bell (Frank A.), J. Submitted October 2, 1934. (Docket No. 30, Calendar No. 37,932.) Decided December 10, 1934.

Bill by Hubert Bubser against Fred Ranguette to enjoin an ejectment suit, decree an easement and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Yelland & Yelland,* for plaintiff.

*Torval E. Strom,* for defendant.

BUSHNELL, J. From 1880 until 1925, lots 4 and 5 of block 15 of the city of Escanaba were both owned by the same parties. The lots are on the south side of Ludington street and each is 25 feet wide and 140 feet deep. During these 45 years of single ownership of the two properties, a brick building 87 feet in depth and 25 feet in width was erected on lot 5. ˋ The rear portion of the building for 33 feet 7 inches of its depth is only 18 feet 8 inches in width, thus leaving an off-set 6 feet 4 inches wide and 33 feet 7 inches in length in its east wall, which is the side adjacent to lot 4. Some time after the construction of the brick building, a two-story

wooden building was erected in this vacant space. This addition is 12 feet 3 inches wide, 33 feet 5¾ inches deep and 28 feet high, and therefore extends over on lot 4 a distance of 5 feet 11 inches. The wooden building is constructed of large timbers, clapboard on the outside, with a stone foundation and is connected to and made a part of the brick building which has been used for many years as a meat market. In front is the sales room, the narrower rear brick portion is used as a refrigerator room and the wooden part is a sausage room which also houses the usual machines used in preparing meats for retail sales. The second floor of the entire property is used for living quarters, to which access is gained by stairways in both the brick and the wooden structures. Part of the stairway in the wooden building is on lot 4. Except for the meat market fixtures, the property was vacant at the time of trial.

The settlement of the estate of the last common owner, who died in 1925, resulted in the sale and conveyance of lot 4 on August 14, 1925, to the defendant, and of lot 5 on November 5, 1925, to the plaintiff. The projecting building is not mentioned in either deed, the only reservation in either being a grant to defendant of the use of a connecting sewer. Defendant commenced an action in ejectment, as to the projection on August 14, 1933. Plaintiff then filed a bill in chancery to enjoin the ejectment action, praying for a decree establishing an easement as to that part of lot 4 occupied by the wooden building.

The bill was dismissed because of the absence of a grant or restriction in the deeds as to the claimed easement, and no showing of the creation of an easement by implied reservation. The law action sub-

mitted with and governed by the disposition of the chancery case was decided in favor of defendant. Plaintiff appeals, raising the question of an implied easement as well as one of necessity.

We pass the question of the adequacy of the remedy at law and the jurisdiction of equity to restrain the action of ejectment, for the reason that neither party questions the propriety of determining the action in ejectment upon the facts found in the chancery case. This question raised in the bill and answer is not mentioned in defendant's brief and is merely touched upon by a citation in plaintiff's brief. Where no supporting argument is presented in the briefs and the question is not discussed, it is presumed to be abandoned. *McGraw* v. *Township of Lake,* 266 Mich. 38.

Nor do we need to spend much time on whether a right to encroach is an easement. The definition of an easement is stated in *Morrill* v. *Mackman,* 24 Mich. 279 (9 Am. Rep. 124). See, also, *Monro* v. *Meech,* 94 Mich. 596, *McClintic-Marshall Co.* v. *Ford Motor Co.,* 254 Mich. 305 (77 A. L. R. 807), and 2 Tiffany, Real Property (2d Ed.), § 360, citing *Ensign* v. *Colt,* 75 Conn. 111 (52 Atl. 829, 946) ; *Smith* v. *Lockwood,* 100 Minn. 221 (110 N. W. 980), and *Ruffin* v. *Railway Co.,* 151 N. C. 330 (66 S. E. 317). The right to encroach may be an easement though not necessarily so. In our case the right having been created at best by implication, could not be a determinable fee. It could not possibly be more than an easement. See *Epworth Assembly* v. *Railway Co.,* 236 Mich. 565, for the distinction. We conclude that the question involved here is that of a claimed easement.

Since neither plaintiff's nor defendant's deed contains any mention of the easement claimed by

plaintiff, and as no right by prescription is asserted, it follows that, if created at all, the easement arose by implication at the time of the severance of the ownership of lots 4 and 5. As one cannot have an easement in his own lands, it could not have come into existence before that time.

The servient estate, lot 4, was conveyed some three months before the conveyance of the dominant estate, lot 5. Hence the only theory upon which plaintiff can claim an easement is that at the time the servient estate was conveyed the then owner of both lots impliedly reserved from the grant the right to continue the encroachment thereon—in short, an easement by implied reservation. To read an implied reservation into a deed is in effect to permit the grantor to derogate from his express grant. We have held that:

"To entitle the complainant to a decree, the burden was upon him to establish that the servitude was apparent, continuous and strictly necessary to the enjoyment of his lands." *Brown* v. *Fuller,* 165 Mich. 162, 167 (33 L. R. A. [N. S.] 459, Ann. Cas. 1912 C, 853), citing *Covell* v. *Bright,* 157 Mich. 419, and see cases therein collected.

We apply these three tests to the case at bar:

*Apparentness:* An apparent easement is one capable of being seen or known on careful inspection. 2 Tiffany Real Property (2d Ed.), p. 1279. As the building encroached almost six feet, the servitude was certainly apparent.

*Continuity:* A discontinuous easement is one the use of which can only be had by the interference of man. Hence a continuous easement is one which is exercised without the interference of man. A way is a discontinuous easement, but drains and sewers are continuous easements. *Morgan* v.

*Meuth,* 60 Mich. 238. As the right to maintain over-hanging eaves is a continuous easement (2 Tiffany, Real Property [2d Ed.], p. 1282), then certainly the right plaintiff claims in this case is the same.

*Necessity:* There remains only the third test. The trial judge held that plaintiff did not show any strict necessity for his continued encroachment upon lot 4. He said:

"Its use is convenient but not necessary."

Our attention is also directed to the trial court's statement that:

"It is indeed doubtful whether the rule of strict necessity applies to the facts in this case. It has, so far as I am able to discover, been applied in this State only to stairways, drains, ways and sewers. See *Lathrop* v. *Elsner,* 93 Mich. 599; *Walz* v. *Walz,* 101 Mich. 167; *Covell* v. *Bright,* 157 Mich. 419; *Brown* v. *Fuller, supra.*"

Plaintiff argues that he is not required to establish "strict necessity," citing *Smith* v. *Dresselhouse,* 152 Mich. 451, where it is said:

"It is a general rule of the law of easements that where the owner of two tenements sells one of them, the purchaser takes the portion sold with all the benefits and burdens which appear at the time of the sale to belong to it as between it and the property which the vendor retains."

Careful examination of the cited authority reveals that the holding of the case does not support so broad a rule. The owner of two mills which derived their power from a common dam conveyed one mill "with the privilege of water power." Grantee claimed under the deed to be entitled to all the power. The court said (455):

"We should not expect that a grant of the land on one side of the river only, the grantor retaining the land and mill on the other side, and using the water there appurtenant, conveyed an exclusive right to the entire water power."

We must view the general discussion in that case in the light of the actual holding of the case, for as stated in *Brown* v. *Fuller, supra* (166).

"The case was determined, not by any application of the rule, but by a construction of the terms of the grant."

In *Brown* v. *Fuller* and *Covell* v. *Bright, supra,* which are drain cases, the test of strict necessity is emphatically announced, though it is true other reasons for the determination that there were no easements, in these cases, are also given.

This court in *Moore* v. *White,* 159 Mich. 460, 464 (134 Am. St. Rep. 735), in discussing a way, said:

"Such way, being one of strict necessity, is granted by implication, and under like circumstances will be reserved by implication."

But should this strict necessity requirement be made in encroachment cases, and especially such a case as the instant one, where the encroachment is plainly apparent? It was so held in *Crosland* v. *Rogers,* 32 S. C. 130 (10 S. E. 874), a ditch case; in *Wells* v. *Garbutt,* 132 N. Y. 430 (30 N. E. 978), a flowage case; and *Runge* v. *Koch,* 156 App. Div. 217 (141 N. Y. Supp. 282), an encroaching wall case. Illinois does not insist on strict necessity either in drains or encroachments. See *Bihss* v. *Sabolis,* 322 Ill. 350 (153 N. E. 684, 53 A. L. R. 907). England requires strict necessity in drain cases; see *Suffield* v. *Brown,* 4 DeG. J. & S. 185 (46 Eng. Rep. 888, 9 L. T. 627); *White* v. *Bass,* 7 H. & N. 722 (158 Eng.

Rep. 660, 5 L. T. 843); *Wheeldon* v. *Burrows,* 12 Ch. Div. (L. R.) 31 (41 L. T. 327), but it was held in an encroachment case, that of a growing vine on a building, that "the intention of the parties should control" even though strict necessity was not shown. See *Simpson* v. *Weber,* 133 L. T. 46.

Having required strict necessity in cases involving stairways, drains, ways and sewers, we prefer to make no exception to that rule in encroachment cases even though, in such a case, the servitude be plainly apparent. To make such an exception, would leave for further litigation the exact amount of encroachment necessary to make the user apparent. Nor should the law favor unrecorded servitudes.

The servitude in this case is apparent and continuous, but not strictly necessary. We adopt the finding of the trial judge on this matter as follows:

"On the ground floor plaintiff has access through the front from the street and through the rear from the alley, to every part of this floor. The building is equipped for and was used as a meat market for many years and counsel calls attention to the fact that entrance can be had to the ice house or cooler only through a door which opens into this addition through the brick wall. But the addition is over 12 feet wide, only 6 feet of it extends over lot 4 and the door opens into the addition on plaintiff's side. The outside wall of this addition can be withdrawn to the property line and still plaintiff will have access to the entire ground floor from front to rear. The second floor is reached by a stairway in the brick building from the front. By bringing the south side of the addition to the property line a stairway in the rear of the addition leading to the second floor would be destroyed, but plaintiff has at least 60 feet of open ground in the rear of his lot where he can build a stairway to the second floor if one is wanted.

"The situation of both premises does not show any strict necessity for plaintiff's continued encroachment upon lot 4. Its use is convenient but not necessary. To withdraw from it will mean some expense but not a heavy one to the plaintiff. He has plenty of room on his own premises to make his building convenient for use at an expense not prohibitive. The question here is one of convenience rather than of strict necessity. Defendant is entitled to have what he bought."

The decree is affirmed, with costs to appellee.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, and Edward M. Sharpe, JJ., concurred with Bushnell, J. Wiest, J., concurred in the result.