# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL MATICKA and EDWARD
MATICKA, Co-Trustees of the ALETHA
MATICKA TRUST, THOMAS AXTELL, JOYCE
AXTELL, CHARLES RUSSIAN, and REUSHAN
RUSSIAN,

        Plaintiffs-Appellees,

v

MARTIN J. WISSMUELLER, DONNA M.
WISSMUELLER, MICHAEL MCGUIRE,
RANDY E. CRIPE, ROBERTA L. CRIPE,
MICHAEL CLARK, Trustee of the NORMA M.
HALL TRUST,

        Defendants-Appellants.

UNPUBLISHED
January 24, 2017

No. 329723
Midland Circuit Court
LC No. 12-008689-CH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

MURRAY, J., (*concurring in part, dissenting in part*).

After a bench trial the trial court entered a judgment in favor of plaintiffs on two bases: Implied easement by quasi-easement and prescriptive easement. For the reasons briefly articulated below, I concur in the affirmance of the trial court's judgment on the basis of its prescriptive easement ruling, but dissent from the majority's agreement with the trial court's implied easement by quasi-easement ruling.

Amongst other elements, to prove the existence of an implied easement by quasi-easement, a plaintiff must establish continuity. *Charles A Murray Trust v Futrell*, 303 Mich App 28, 42; 840 NW2d 775 (2013). Continuity in this context means an easement used continually without the interference of man. *Zemon v Netzorg*, 247 Mich 563, 565; 226 NW 242 (1929). At oral argument before this Court, plaintiffs' counsel essentially conceded that the bridge easement (originating in the Wolverine Power deed) that the trial court relied upon for finding the continuity element did not satisfy the continuity element, a concession the law supports. See *Waubun Beach Ass'n v Wilson*, 274 Mich 598, 606; 265 NW 474 (1936) and *Bubser v*

-1-

*Ranguette*, 269 Mich 388, 392; 257 NW 845 (1934).[1] For this reason I would not affirm the trial court's ruling on that easement theory.

However, because the trial court's ultimate conclusion on the prescriptive easement theory can be upheld for the reasons stated in the majority opinion, I join the opinion to affirm.

/s/ Christopher M. Murray

---

[1] Plaintiffs' counsel did argue, however, that equity supported the trial court's finding on implied easement by quasi-easement.