### THE PEOPLE v. HELENA LANGE.

*Juror's residence.*

Where a juror on being examined as to his residence stated that he had come to the place to get work and had not got any yet, his answer suggested that he was not qualified; but if no objection was then made or farther examination had, it would be too late after the trial.

Error to the Superior Court of Grand Rapids. (Parrish, J.) April 22.—April 29.

Information for larceny. Respondent brings error. Affirmed.

*Everett D. Comstock* for appellant, cited *People v. Peralta* 4 Cal. 175; *Guykowski v. People* 2 Ill. 476; *Shane v. Clarke* 3 Har. & M'H. (Md.) 101; *State v. Pratt* 15 Rich. (S. C.) 47; *Dowdy v. Commonwealth* 9 Grat. 727; *State v. Groome* 10 Ia. 308; *Lisle v. State* 6 Mo. 426; *Spong v. Lesher* 1 Yeates 326; *Burroughs v. State* 33 Ga. 403; *State v. Parks* 21 La. Ann. 251; *Mann v. Fairlee* 44 Vt. 672; *Brown v. State* 57 Miss. 424.

Attorney General *Moses Taggart* for the People. Objection to the qualifications of a juror cannot be first raised after trial: *People v. Scott* 56 Mich. 154; *Bronson v. People* 32 Mich. 34.

COOLEY, C. J. The respondent stands convicted of larceny. The only error assigned is that one of the jurors by whom she was tried was not a freeholder, or a resident of the county. The facts, it is claimed, did not come to the knowledge of the respondent till the trial was over.

It appears, however, by the bill of exceptions, that when the juror was called he was asked by the prosecuting attorney where he resided, and he replied, " In the Seventh ward of Grand Rapids." He was further asked how long he had resided "here,"—apparently meaning in Grand Rapids, where the trial was taking place. The reply was: "About three weeks. Came to the city to get work; have not got any yet." No further questions were asked, and both parties announced themselves " satisfied for cause," and the juror was sworn.

The answers fairly suggested the probability that the juror was not qualified, and if either party desired satisfaction on the subject, the examination should have been pursued further. It was too late after the trial to enter upon a new investigation under the pretense of having been ignorant of the defect.

The conviction is affirmed.

The other Justices concurred.