John Edward **STOWERS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19439.

United States Court of Appeals Ninth Circuit.

Sept. 23, 1965.

Rehearing Denied Nov. 5, 1965.

Gordon C. Gould, Redwood City, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, MERRILL, and ELY, Circuit Judges.

ELY, Circuit Judge.

Appellant, together with an alleged confederate, one Kirtley, was charged with scheming to obtain money by false pretenses and unlawfully causing interstate transmittal of the money. 18 U.S. C. § 1343. Kirtley pleaded guilty to the charge, and appellant was convicted in a jury trial. In the same trial, the jury determined that appellant was guilty of

two of twelve offenses with which he alone was accused in a separate indictment. One of the two offenses of which appellant was found guilty under the separate indictment was also the violation of Section 1343 of Title 18. The other involved the interstate transmission of a telephone communication in which appellant was alleged to have conveyed threats with the unlawful intent to extort money. 18 U.S.C. § 875(d).

Shortly after their arrests, appellant and Kirtley were confined in the same cell, where they engaged in conversation. During the trial, Kirtley testified that in the conversation, appellant had made certain statements which appellant contends were incriminating "admissions" which, under the circumstances, were improperly received as evidence.

The oral statements can hardly be characterized as "admissions." When Kirtley initiated the conversation with the question, "I wonder how we got picked up?", appellant, according to Kirtley, replied, "You know what is going to happen if you say anything." Kirtley testified that in the ensuing discussions, appellant attempted to persuade Kirtley to make certain representations as to Kirtley's participation and the absence of appellant's participation in one of the transactions. Additionally, Kirtley testified that appellant suggested that Kirtley plead guilty and promised to send Kirtley five or ten dollars per week if he, Kirtley, should be sent to prison. Finally, it was told by Kirtley that appellant threatened to kill Kirtley if the latter "took him [appellant] to prison with him."

Regardless of whether or not the alleged statements constituted "admissions", they were doubtless subject to inferences which were, from appellant's standpoint, damaging if not literally incriminating. This conclusion, however, affords no sufficient basis upon which to support appellant's claim of prejudicial error.

■ There is no law, constitutional or otherwise, which protects an alleged criminal against his own failure to remain mute in every environment and under all circumstances.

Immediately after his arrest, appellant requested the assistance of counsel and was told by Federal officers that he would have it. In his brief before us, it is said, "Appellant was firm in his determination not to say anything incriminating to these officers." This firm determination, coupled with his demand for counsel, is indicative of appellants' understanding, perhaps more than usually intelligent, of his pertinent constitutional rights.

Before there was an opportunity for consultation with counsel, appellant and Kirtley were placed in such proximity as to permit of conversation. There is no evidence that the two were so placed in furtherance of a Government plan or ruse or trick to obtain evidence of admissions on the part of either. No recording or transmittal device was concealed, as in the case of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), upon which appellant strongly relies.

■ The record contains no support for appellant's contention that Kirtley, in initiating the conversation, was acting as an agent for, or in behalf of, the Government or its officers. Kirtley denied any prosecution promise of favoritism, and there is nothing of substance to refute his denial. From the facts that Kirtley was interviewed by Federal officers on the day before his conversation with appellant, that Kirtley was released on bail on the second day after the questioned conversation,[1] and that Kirtley

1. While the amount of Kirtley's bail was fixed at $1000, he was accused in only one count, whereas appellant was charged with thirteen violations of law. Upon Kirtley's plea of guilty, the district court deferred the pronouncement of sentence pending appellant's trial. There were postponements at appellant's request, and the record discloses that the court fairly determined that Kirtley should be released on his own recognizance so as not to suffer undue confinement because of delay for which he was not responsible.

was produced as a prosecution witness at the trial, we are urged to infer that Federal officers moved Kirtley to act in their behalf. We refuse to draw such inference.

 We hold that appellant's remarks to his confederate were not made as a result of any Government act of trickery or deceit. This being so, appellant is in no position to be relieved from his own mistaken and misdirected confidence. We find no prejudicial error, and the judgments of conviction are

Affirmed.