STATE OF NEBRASKA, APPELLEE, v. DENNIS O'KELLY, APPELLANT.

150 N. W. 2d 117

Filed April 14, 1967. No. 36475.

John C. Gourlay, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

This post conviction motion was overruled without an evidentiary hearing, and defendant has appealed. The court had admitted in evidence at the criminal trial defendant's confession made after filing of the information and in absence of counsel. The principal ground of the motion is violation of defendant's right to counsel at the time of the confession.

Defense counsel had been appointed August 9, 1962. Eleven days later, while police were holding defendant in custody, Dr. James M. Reinhardt visited him. The

two men were alone 1½ hours, and the outcome was the confession in question. Reinhardt was a professor of criminology at the University of Nebraska and a doctor of philosophy in anthropology, social psychology, and criminology. He had testified in many cases. The confession was elicited by an expert.

Reinhardt testified: "* * * I am interested in motivations and intent of murders, and this is an interesting case and I wanted to talk to him so I simply went over. I was not sent by anyone. * * * I told him what my business was and why I wanted to see him and told him I was not sent there by anyone from the prosecutor's office or by the defense, and that I was interested in knowing how such a murder could happen, and I wanted him to talk with me frankly and freely. And I did not know at that time that I would testify in this case at all. I did not know that I would be subpoenaed in this case. * * * I assumed he had murdered the girl * * *, at least my conversation rested upon that assumption."

The jury heard defendant also. He testified to his belief that defense counsel had enlisted Reinhardt: "* * * he told me who he was and that he was a criminologist at the University and he was interested in such things and he told me he had talked to you (defense counsel) and that he was up here to see what he could find out about this. The impression I got from him was that he was working with you. * * * he asked me to tell him the same thing I told the police that night. * * * I knew he had talked to my lawyer and he told me he was wanting to hear the story to see if he could try and help in any way."

The record is said to show a violation of the right to counsel. The argument assumes that Reinhardt intended to further only his private interests. The assumption excludes deliberate overreaching, which was condemned in Massiah v. United States, 377 U. S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246. Wrongness of an act, however, is judged also by its end. A statement may be

inadmissible because of defects in a procedure that the state has authorized. See McLeod v. Ohio, 381 U. S. 356, 85 S. Ct. 1556, 14 L. Ed. 2d 682. Although statements to civilian classification interns were part of a worthy routine of a jail, the exclusionary rule was applied in Harrison v. United States, 359 F. 2d 214, and Killough v. United States, 336 F. 2d 929. One constant in all those cases is official influence upon defendants.

In the present case the relationship between police action and confession is tenuous. Nothing implies that Reinhardt's purpose was known or that anyone, except the two men, might reasonably anticipate the advantage to the prosecution. A violation of the constitutional right has not been shown. Compare Evalt v. United States, 359 F. 2d 534, with Stowers v. United States, 351 F. 2d 301.

Defendant's request for an evidentiary hearing is now bottomed upon the hope that participation by the State will be proved. The request comes too late. The post conviction motion in that respect was limited to the fact that the State had permitted the meeting. No one says that the district court denied defendant reasonable use of discovery techniques. The candid argument of counsel negates any inadvertence or technicality in pleading. Denial of an evidentiary hearing was correct. See § 29-3001, R. S. Supp., 1965.

Defendant also raises issues that were determined on direct appeal in State v. O'Kelly, 175 Neb. 798, 124 N. W. 2d 211 (Nov. 1, 1963), certiorari denied 376 U. S. 956, 84 S. Ct. 978, 11 L. Ed. 2d 975 (March 23, 1964). There is no ground for relief. Unless a miscarriage of justice is shown, the post conviction remedy is not available for consideration of questions that were determined by this court. State v. Sheldon, *ante* p. 360, 148 N. W. 2d 301. See, also, American Bar Association, Standards Relating to Post-Conviction Remedies, Tent. Dr., § 6.1, p. 85.

The judgment is affirmed.

AFFIRMED.