STATE HIGHWAY COMMISSION *v.* SANDBURG.

OPINION OF THE COURT.

1. EMINENT DOMAIN—ACCESS RIGHTS—EVIDENCE.

Ruling of trial court that the minds of the parties met and the highway department acquired access rights of property conveyed by deed stamped with language that "first party acknowledges notice that the land may be used for limited access highway purposes" *held,* not clearly erroneous; statute providing that agencies of the State may acquire private property and property rights and that all property rights acquired shall be in fee simple controls (CL 1948, § 252.58).

2. SAME—AWARD—EVIDENCE.

Award made within range of competent evidence in a land condemnation case will not be disturbed by Court of Appeals.

3. APPEAL AND ERROR—OBJECTION—PRESERVING ERROR FOR REVIEW.

The Court of Appeals will not review question of improper and prejudicial argument of attorney where no objection was made at trial.

4. COSTS—DEEDS—CONVEYANCE—HIGHWAY—ACCESS RIGHTS.

No costs are allowed on appeal from trial court holding that State acquired access rights to land conveyed to highway department by deed stamped with language that grantor acknowledged notice that the land could be used for limited access highway purposes where deeds conveying back to grantor to correct an error in description and reconveying to highway department made no mention of access rights.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur 2d, Eminent Domain § 130 *et seq.*
[2] 27 Am Jur 2d, Eminent Domain § 471 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 624.
[4] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*
[5–10] 26 Am Jur 2d, Eminent Domain § 132 *et seq.*

DISSENTING OPINION.

GILMORE, J.

5. DEEDS—EMINENT DOMAIN—CONVEYANCE—INTENTION.

*A written instrument conveying an interest in real estate must contain language manifesting an intention on the part of a grantor to transfer such interest in property.*

6. SAME—FORMAL REQUIREMENT—WORDS OF GRANT.

*Conveyances must contain words of grant; to transfer an interest in realty the grantor owning the interest, with intent to do so, must execute an instrument sufficient to meet the requirements of* lex situs *of the realty.*

7. SAME—ESTATE CONVEYED—WORDS OF GRANT.

*Ordinarily no estate passes by deed which is not embraced plainly within the words of grant.*

8. SAME—CONVEYANCE—INTENTION.

*The intent of the grantor to convey should clearly appear on the face of the deed so as not to leave a reasonable doubt in regard to it.*

9. SAME—WORDS OF GRANT—CONVEYANCE—NOTICE.

*Words stamped on face of deed conveying land to highway department that first party acknowledges notice that lands may be used for limited access highway purposes are not a conveyance of access rights because there are no words of grant.*

10. SAME—ACCESS RIGHTS—LIMITED ACCESS HIGHWAY.

*Access rights to a limited access highway are of value to owner of abutting land and a specific grant is required to give the right to the highway department.*

Appeal from Ingham, Salmon (Marvin J.), J. Submitted Division 2 May 4, 1967, at Lansing. (Docket No. 3,079.) Decided July 25, 1968. Leave to appeal granted November 19, 1968. See 381 Mich 787.

Complaint by State Highway Commission against Robert Sandburg and others for condemnation of certain lands for highway purposes. Judgment for plaintiff with compensation to defendants. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis Caruso,* Assistant Attorney General, and *Bruce S. King,* Special Assistant Attorney General, for plaintiff.

*Hardy, Starr & Ferency,* for defendants.

Quinn, J.  Defendants appeal from the denial of their motion to set aside the report of the commissioners and to grant a new trial in plaintiff's condemnation proceedings[1] relative to certain property taken for US–127.  On appeal, as on said motion, defendants contend that the trial court erred in ruling that the State had acquired the access rights defendants claimed they were entitled to be compensated for, that the award was against the great weight and unsupported by the evidence, and that the argument of plaintiff's attorney was improper and prejudicial to the extent of depriving them of a fair trial.

By warranty deed dated May 9, 1952, the then owners conveyed to Charles M. Ziegler as State highway commissioner a 200-foot right-of-way over the northwest quarter of the northeast quarter of section 17, T2N, R1W, Vevay township, Ingham county.  This deed bore a stamp reading, "first party acknowledges notice that said lands may be used for limited access highway purposes".  To correct an error in description, the grantee in this deed reconveyed to the then owner by quitclaim deed dated May 14, 1953, and the same day the owner reconveyed by warranty deed to Charles M. Ziegler as State highway commissioner.  The land involved in this appeal is that part of the northwest quarter of the northeast quarter of section 17, T2N, R1W,

---

[1] Filed under PA 1925, No 352, as amended (CL 1948, § 213.171 *et seq.,* as amended [Stat Ann 1958 Rev and 1968 Cum Supp § 8.171 *et seq.*]).

lying east of this right-of-way; it is vacant land and it is zoned commercial.

At the time of the deed of May 9, 1952, CL 1948, § 252.51 (Stat Ann 1958 Rev § 9.1094[1]) provided in part:

"For the purposes of this act, limited access highways are defined as highways specially designed for through traffic, and over, from or to which owners or occupants of abutting land have no easement or right of light, air or access by reason of such abuttal."

and CL 1948, § 252.53 (Stat Ann 1958 Rev § 9.1094 [3]) provided:

"For the purposes of this act, the aforesaid agencies may acquire private property and property rights by purchase, gift, devise, or condemnation, and the provisions of any existing laws of this state shall apply. All property rights acquired under the provisions of this act shall be in fee simple estate."

The trial court ruled with respect to access rights:

"With respect to the question of acquisition of access rights to the highway, the court would rule that it clearly appears from the deed of May 9, 1952, that the minds of the parties met on the proposition that this was to be a limited access situation and that the highway department did acquire the access rights to this property."

This factual determination that the parties to the deed of May 9, 1952, understood the land conveyed thereby was for a limited access highway is not clearly erroneous (GCR 1963, 517.1), and the statute controls. No access rights were involved with the land taken.

The award was within the range of the competent evidence and will not be disturbed. *Department of Conservation* v. *Connor* (1947), 316 Mich 565.

There was no objection to the alleged improper argument of plaintiff's counsel. No error is presented for review. *Riste* v. *Grand Trunk Western Railroad Company* (1962), 368 Mich 32.

Affirmed but without costs.

LESINSKI, C. J., concurred with QUINN, J.

GILMORE, J. (*dissenting*). I must respectfully dissent from the opinion of my colleagues in this matter.

The basic question here is whether the trial court committed error in ruling that the Michigan State highway commission owned access rights to the property involved prior to the present proceedings.

The action is one in eminent domain. On April 7, 1965, the Michigan State highway commission made its determination of necessity for the taking of the parcel involved. There was a total taking of a triangular piece of property containing approximately 2.7 acres.

The property was located at Kipp road and US 127 in Ingham county and was at grade with Kipp road. US 127 runs north and south and Kipp road is an east and west highway running from US 127 to the southwest side of the city of Mason. The property involved was zoned for commercial use and from a zoning standpoint could be used either for a service station or a restaurant.

At the pretrial conference on March 7, 1966, the attorney for defendants advised the court of her position that the Michigan State highway commission had never acquired access rights to the subject property to US 127. This position was later reiterated in a letter from the attorney to the court and at the beginning of a hearing on confirmation on April 19, 1966. The trial judge ruled that the

Michigan State highway department had acquired access rights to such property. The correctness of this holding by the trial court is the basic question on appeal.

The only evidence offered on this question was three deeds labeled defendants' exhibits 1, 2, and 3. Defendants' exhibit 1 was a deed drawn up by the Michigan State highway department from Elmer Franklin and Katie Franklin, husband and wife, as grantors, and Charles Ziegler, State highway commissioner, as grantee. The deed was dated May 9, 1952, and has stamped on it the following language:

"First party acknowledges notice that said land may be used for limited access highway purposes."

Defendants' exhibit 2 was a quit-claim deed dated May 14, 1953, from Charles M. Ziegler, highway commissioner, as grantor, to Elmer Franklin, an unmarried man, survivor of Elmer and Katie Franklin, husband and wife, as grantees. This deed conveyed back all of the property which had previously been conveyed May 9, 1952.

Defendants' exhibit 3 was a deed prepared by the Michigan State highway department dated May 14, 1953, from Elmer Franklin, an unmarried man, survivor of Elmer Franklin and Katie Franklin, husband and wife, as grantor, to Charles M. Ziegler, State highway commissioner, grantee. The deed contained no mention of access rights of ingress or egress of US 127 from either Kipp road or US 127.

It is clear to me that the basic issue in the case is the highest and best use of the property and, in determining value, the crucial point was whether there were access rights to the property.

The only mention of access rights in this case was contained in the first deed, where a rubber stamp was stamped on the deed stating that the lands *may be* used for limited highway purposes.

To convey an interest in real estate, it is essential that a written instrument contain at least language manifesting an intention on the part of a grantor to transfer such interest in property. See 7 Callaghan's Michigan Civil Jurisprudence, Deeds of Conveyance, § 9, p 534 *et seq.*

In addition, the law requires that conveyances contain "words of grant." As pointed out in 6 Thompson, Real Property, p 1, § 2935:

"In order to transfer an interest in realty the grantor owning such interest with intent to so do must execute an instrument sufficient to meet the requirements of *lex situs* of the realty."

And in the same volume it is stated on page 3 that:

"The elements of an instrument of conveyance are a grantor, a grantee, a thing conveyed, consideration stated, words of grant, signature, acknowledgment, delivery, acceptance and recording."

Michigan law is the same in the particular of interest here. There must be specific words of conveyance to pass an interest in land. In *Zemon* v. *Netzorg* (1929), 247 Mich 563, 565, the Court said:

"Ordinarily, no estate passes by deed which is not embraced plainly within the words of the grant."

And in *Ryan* v. *Wilson* (1861), 9 Mich 262, 263, the Court stated:

"In the present case, the operative words of the grant are confined to one lot, and the court is asked to extend them to both lots, on the ground that the grantor intended to convey both. To give effect to the intention of the grantor in such a case, the intent should so clearly appear on the face of the deed as not to leave a reasonable doubt in regard to it, and no principle of law should be violated in carrying it out."

It is clear that the intention to convey an interest must be shown on the face of the deed by words of grant or so clearly appear as to leave no reasonable doubt with reference to it. Neither exhibits 1 nor 3 contained the required words of grant for the conveyance of access rights. The stamp appearing on exhibit 1 reading, "First party acknowledges notice that said lands may be used for limited access highway purposes" does not meet the requirements of the law of conveyancing. The words do not contain words of grant. All the language states is that the grantor acknowledges that the lands may be used for limited access highway purposes. Such a notice from the grantor cannot be construed to be a conveyance on the part of the grantor to the grantee. And there is nothing else in the record to sustain the grant of any access rights.

The majority argues that the finding of the trial court that the minds of the parties had met and that the highway department acquired the access rights to this property forecloses any further determination of this matter by this Court.

I cannot agree. The crucial issue is not the finding of fact by the trial judge that the minds of the parties had met on the proposition, but in my opinion the crucial question is whether there had been a conveyance within the law of conveyancing. It is apparent that there has been no adequate conveyance of this interest, for the reasons I have set forth above.

It could be argued that it was not necessary to discuss rules of conveyancing since no conveyance was involved, and the Court seems to conclude that there was simply an agreement and consideration paid for the fact that an easement did not attach the remaining property to the limited access highway contemplated to be built.

I do not feel this argument meets the problems in this case. Access rights to a limited access highway are of great value to the owner of abutting land. To take away such rights, there must be a specific grant. I find none in this case, and I think it is clear that the highway commission did not acquire prior access rights through the transfers of title set forth in exhibits 1, 2 and 3.

For the reasons I have given, it appears to me that the case should be reversed and remanded to the trial court.