PEOPLE v. OMELL

1. APPEAL AND ERROR—QUESTIONS SAVED FOR REVIEW.
   Claims of error not raised for consideration by the trial court may not be reviewed on appeal.

2. SAME—CRIMINAL LAW—CONFESSION—OMISSION FROM RECORD—ADDING TO RECORD.
   After argument before the appellate court, the prosecutor may, upon discovery of an opinion by the trial judge as to the voluntariness of defendant's confession, be granted permission to add to the record such opinion and thereby overcome the contention on appeal of defendant that the trial court had failed to make and file written findings respecting the voluntariness of his confession.

3. CRIMINAL LAW— CONFESSION — CONSTITUTIONAL WARNING — PRIVATE INVESTIGATOR.
   A private investigator is not an officer of the law and does not have to extend a constitutional warning before taking a statement in the nature of a confession.

Appeal from Washtenaw, Ager (William F.), J. Submitted Division 2 June 5, 1968, at Lansing. (Docket No. 2,822.) Decided December 23, 1968.

Michael Omell was convicted of embezzlement. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 4 Am Jur 2d, Appeal and Error § 485; 29 Am Jur 2d, Evidence § 590.
[3] 29 Am Jur 2d, Evidence §§ 555-557.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Richard W. Pierce,* Assistant Prosecuting Attorney, for the people.

*Harry R. Bockoff,* for defendant on appeal.

Fenlon, J.   The defendant, Michael Omell, appeals from his circuit court conviction of the crime of embezzlement, CL 1948, § 750.174 (Stat Ann 1962 Rev § 28.371).

The defendant in connection with his employment as a branch manager of a furnace supply company handled money received by the company from its customers.   The officers of the parent company became aware of a shortage in the branch office and hired private detectives to investigate.

Suspecting him of being responsible for the shortage, the detectives confronted the defendant at his office.   After some discussion the defendant, at the request of the detectives, wrote a seven-page letter addressed to defendant's employer.   In the letter, the defendant admitted his wrongdoing and attempted to rationalize his conduct.

Prior to trial the people filed notice of intent to use in evidence, in the nature of a confession, the letter written by the defendant.

Defendant then filed a motion to suppress the alleged confession.   After a pretrial hearing the trial judge concluded that the confession was voluntary and the defendant's motion to suppress was denied.

The confession, marked as People's Exhibit 12, was received in evidence at trial.

The defendant upon conviction by the jury was sentenced by the court to serve a term of not less

than two years or more than ten years in the State Prison of Southern Michigan at Jackson.

Defendant in his appeal alleges and argues eight issues. We find, however, that only two issues are properly before this Court. The other claims of error, which were not raised for consideration by the trial court, are not before us. *People* v. *Willis* (1965), 1 Mich App 428.

1) The defendant claims error in the failure of the trial court to make and file written findings as to whether or not his confession was voluntary.

It was discovered by the People that the court had made findings of fact and had rendered an opinion on defendant's motion to suppress the confession. This opinion had not been made part of the record. It was not discovered until after briefs had been filed with and oral arguments made to this Court.

When the People learned that the trial court had made findings of fact and rendered an opinion on defendant's motion to suppress the confession, they moved to add the transcript thereof to the record. This motion was considered and granted by this Court July 16, 1968.

With the addition to the record of the transcript of the trial judge's findings, procedural requirements of getting a confession to the jury were met. *People* v. *Walker* (1967), 6 Mich App 600.

2) Was the failure by private detectives to give defendant constitutional warnings before eliciting a statement error?

The question is whether private investigators came within the purview of *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977), or other cases requiring constitutional warnings prior to the taking of a statement.

While Michigan courts, so far as we know, have not passed upon this issue, other jurisdictions have

uniformly held that a person not a police offcer, or not acting in concert with or at the request of police authority, is not required to extend constitutional warnings prior to the eliciting of an incriminating statement.

*Schaumberg* v. *State* (1967), 83 Nev 372 (432 P2d 500, 501), is cited by appellee as one of the cases in point:

"* * * The purport of *Escobedo* and *Miranda* is to prevent oppressive police tactics which violate individual rights and produce involuntary confessions. Though *Miranda* said there can be no doubt that the Fifth Amendment privilege is available to protect persons from being compelled to incriminate themselves in all settings in which their freedom of action is curtailed, it is clear that the thrust of the decision was aimed against the 'potentiality for compulsion' * * * found in custodial interrogation initiated by police officers. * * *"

The defendant cites no authority that investigators or detectives privately employed are required to advise a defendant with constitutional warning prior to the taking of a statement.

We hold that a private investigator is not an officer of the law in such capacity that he is required to render a constitutional warning precedent to the taking of a statement in the nature of a confession. For illustrative cases see: *People* v. *Frank* (1966), 52 Misc 2d 266 (275 NYS2d 570); *People* v. *Crabtree* (1966), 239 Cal App 2d 789, (49 Cal Rptr 285); *State* v. *O'Kelly* (1967), 181 Neb 618 (150 NW2d 117); *Schaumberg* v. *State, supra.*

Affirmed.

LESINSKI, C. J., and R. B. BURNS, J., concurred.