PEOPLE *v.* LEROY MORGAN

1. APPEAL AND ERROR—PRESERVING QUESTION—DISCRETION.
    The Court of Appeals will not review matters not properly preserved for review by timely objections in the trial court, as a general rule; however, the appellate court, in the exercise of its discretion, will search the record to determine whether errors raised for the first time on appeal indicate manifest injustice depriving defendant of a fair trial.

2. CRIMINAL LAW—WARNING OF RIGHTS—PRIVATE SECURITY OFFICER.
    A private security officer is not an officer of the law so that he is required to render a constitutional warning precedent

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 545–647.
[2] 21 Am Jur 2d, Criminal Law §§ 317, 357, 367, 449.
[3] 53 Am Jur, Trial § 470.
[4] 21 Am Jur 2d, Criminal Law § 328.
[5] 21 Am Jur 2d, Criminal Law § 63.

to the taking of a statement in the nature of a confession from an accused; therefore a department store security officer's testimony that defendant, when accused of taking merchandise without paying, admitted his guilt and said he took the merchandise to sell to obtain money, was admissible at trial even though the security officer failed to advise defendant of his constitutional rights before interrogating him.

3. CRIMINAL LAW—ARGUMENT OF COUNSEL—COMMENT ON EVIDENCE.
Prosecutor's remark in closing argument that there was uncontroverted evidence that defendant, charged with larceny in a building, had gone into a department store and that there was no defensive testimony showing otherwise did not violate defendant's privilege against self-incrimination by emphasizing to the jury that defendant had failed to take the stand and controvert the evidence against him because neither the language, the history, nor the policy of the self-incrimination clause prohibits proper advocacy concerning the strength of the prosecution's case.

4. WITNESSES — RES GESTAE WITNESSES — ACCOMPLICES — PROSECUTOR'S DUTY.
The duty of a prosecutor to indorse on the information and to call as witnesses all noncumulative *res gestae* witnesses does not extend to the calling of accomplices.

5. CRIMINAL LAW—SENTENCE—NARCOTICS ADDICT.
Imposition of a prison sentence within the legal maximum upon a narcotics addict who stole to support his habit, instead of probation conditioned upon his commitment to an out-of-state Federal rehabilitation center for drug addicts, was not error where the record indicates that the trial judge considered many possible alternatives to a prison term but, after determining that no adequate facilities for the treatment of convicts suffering from addiction existed in this state and that other criminal charges were pending against defendant, imposed a prison sentence.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 April 17, 1970, at Detroit. (Docket No. 7,558.) Decided June 25, 1970.

Leroy Morgan was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Stephen M. Losh,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and O'HARA,[*] JJ.

LESINSKI, C. J. On December 12, 1967, a Montgomery Ward private security officer observed Leroy Morgan and a female accomplice approach the sweater counter in the Livonia Ward store, place two sweaters in a bag, and leave without paying. The guard called a fellow officer and followed defendant and the girl outside. The first officer testified that she stopped the pair and accused them of taking some merchandise without paying. Defendant replied, "Yes." The pair were taken to the store security office and questioned about the crime. The defendant stated that the girl was pregnant and that he took the sweaters to sell to obtain food money. The Livonia police were called and arrested the two persons. After trial by jury the defendant was convicted of larceny in a building[1] and sentenced to a prison term of three to four years.[2] He appeals as of right.

At the outset we note that no objections were raised below concerning the issues raised on appeal. While, as a general rule, this Court will not review matters not properly preserved for review, we will,

---

[*] Former Supreme Court Justice sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

[1] MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).

[2] Leroy Morgan's codefendant entered a plea of guilty of attempted larceny in a building and was sentenced to one year in the Detroit House of Correction.

in the exercise of our discretion, search the record to determine whether the errors indicate manifest injustice depriving defendant of a fair trial. *People* v. *Reynold* (1969), 20 Mich App 397; *People* v. *Owens* (1968), 13 Mich App 469; *People* v. *Willis* (1965), 1 Mich App 428. See, also, *People* v. *Kelsey* (1942) 303 Mich 715.

The first allegation of error concerns the security officer's testimony relating to defendant's statement in the security office. Defendant argues that the statement was inadmissible because the officer failed to advise defendant of his constitutional rights, before interrogation, as required by *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694). Defendant correctly recognizes that this Court discussed this issue in *People* v. *Omell* (1968), 15 Mich App 154, 157, where we held that "a private investigator is not an officer of the law in such capacity that he is required to render a constitutional warning precedent to the taking of a statement in the nature of a confession." However, defendant attempts to distinguish *Omell* on the grounds that the security officers here were acting "in concert with the police" while in *Omell* they were not. We disagree. In *Omell* the officers, private detectives hired by defendant's employer to investigate possible embezzlement, suspected defendant of wrongdoing, confronted him at his office, and persuaded him to write a letter to his employer admitting wrongdoing. We discern no practical difference between the facts of *Omell* and the facts of the instant case. *Omell* controls.

Defendant's second allegation of error is that the prosecutor's remarks during closing argument violated defendant's right against self-incrimination. The prosecutor stated first that "[w]e have uncontroverted evidence here on the stand, and I want

to emphasize 'uncontroverted evidence,' that the defendant here went into the store with a female friend". Again in rebuttal the prosecutor said: "Now, as I told you before, there is uncontroverted evidence here. The case is that simple. There is no defensive testimony here showing otherwise than what had occurred". Defendant argues that the statements concerning "uncontroverted evidence" were made for the purpose of emphasizing to the jury that defendant failed to take the stand and controvert the evidence against him.[3] This issue was decided adversely to defendant in *People* v. *Alexander* (1969), 17 Mich App 497. See, also, *Leak* v. *Follette* (CA2, 1969), 418 F2d 1266, where the court, per Friendly, J., held similar remarks permissible:

"Neither the language, the history, nor the policy of the self-incrimination clause affords support for the surprising proposition that in declaring that no person 'shall be compelled in any criminal case to be a witness against himself,' the authors of the Bill of Rights intended to prohibit proper advocacy concerning the strength of the prosecution's case.

\* \* \*

"We would not want this opinion to be taken as issuing any roving commission to prosecutors. Inflections and gestures may have an effect the cold record cannot convey, and trial judges must be alert

---

[3] No objection was raised. The trial judge denied the prosecutor's request to charge the jury on the uncontroverted nature of the evidence and told them instead:

"The defendant in this case had a right to go upon the witness stand and testify in his own behalf if he chose to do so. The law, however, expressly provides that no presumption adverse to him is to arise from the mere fact that he does not place himself upon the witness stand. So in this case the mere fact that the defendant has not availed himself of the privilege which the law gives him should not be permitted by you to prejudice him in any way. It should not be considered evidence of his guilt or innocence. The failure of the defendant to testify is not even a circumstance against him, and no presumption of guilt can be indulged in by the jury because of this failure on his part."

to prevent abuses of that sort. We hold only that where the prosecutor confines himself to arguing the strength of his case by stressing the credibility and lack of contradiction of his witnesses, we will not be astute to find in this a veiled comment on the defendant's failure to testify even if in practical fact, although not in theory, no one else could controvert them."

Defendant's third allegation of error concerns the failure of the prosecution to call, as a *res gestae* witness, the defendant's female accomplice. Although the prosecutor is under a general obligation to indorse on the information and call as witnesses *all* noncumulative *res gestae* witnesses, this duty does *not* extend to the calling of *accomplices*. *People* v. *Chaney* (1970), 21 Mich App 120; *People* v. *Virgil Brown* (1969), 15 Mich App 600. No error occurred.

Defendant's final allegation of error concerns the trial court's alleged failure to consider the possibility of sentencing defendant, a narcotics addict, to probation conditioned upon commitment to the Narcotics Rehabilitation Center in Lexington, Kentucky. Without deciding whether the trial court had the power to issue such an order, we find that the record indicates that the trial judge did, in fact, consider many possible alternatives to a prison term for this defendant. However, after determining that no adequate facilities for the treatment of convicted criminals, suffering from addiction, exist in the State of Michigan and that other charges were pending against this defendant, the trial court reluctantly imposed a prison sentence. The sentence was within the maximum provided by law and cannot be disturbed on appeal. *People* v. *Guillett* (1955), 342 Mich 1; *People* v. *Pate* (1965), 2 Mich App 66. We also reach this decision somewhat reluctantly because we recognize the dilemma of the trial judge. The de-

fendant here was convicted of a crime. However, it is apparent that the driving force behind defendant's actions is his insatiable and expensive narcotics habit. Unless the defendant receives proper medical treatment aimed at controlling or curing his sickness, he can be expected to steal again. Unfortunately treatment facilities do not exist in Michigan. The trial judge was aware of this fact, as is this Court; however, as courts we are powerless to erect the proper drug treatment facilities.

Having found no error in the proceedings below the conviction and sentence of the defendant are affirmed.

Affirmed.

All concurred.