PEOPLE *v.* ANDREW THOMAS

1. JURY—COUNTY OFFICERS AND EMPLOYEES.

County officers and employees are prohibited from jury service, and the jury board shall strike their name from the qualified jurors list (MCLA § 600.1307).

2. JURY—COUNTY OFFICERS AND EMPLOYEES—STATUTE—FAILURE TO OBJECT.

Defendant's claim that his jury trial was defective because the trial court allowed county employees to be sworn and serve on the jury is without merit where defendant waived any objection he may have had by failing to challenge the county-employed jurors either for cause or peremptorily while knowing they were employed by the county (MCLA § 600.1307).

3. JURY—OBJECTION—WAIVER.

The law is very clear that when an objection to a juror becomes known prior to the jury being sworn in, counsel must challenge at this point or waive any subsequent objection.

4. JURY—TRIAL TACTIC—CHALLENGE—CRIMINAL LAW.

The trial tactic of not challenging jurors either peremptorily or for cause when trial counsel knows of grounds on which to challenge jurors, and then electing to raise the issue on appeal is not a practice condoned by the Court of Appeals.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury § 96 *et seq.*
[2–5] 47 Am Jur 2d, Jury § 217 *et seq.*
[6, 7] 47 Am Jur 2d, Jury § 300 *et seq.*
[8] 5 Am Jur 2d, Appeal and Error § 545.

5. Jury—Trial Tactics—Criminal Law—Appeal and Error.

Trial counsel who knows at the time of *voir dire* of a ground to challenge a prospective juror but fails to raise his challenge, will not be heard to complain for the first time on appeal in the absence of a showing of a miscarriage of justice, since counsel owes a duty to the court and to his client to raise such objections at the time of trial.

6. Criminal Law—Jury—Newspaper Reports—Prejudice.

The reading of a newspaper account which analyzed and discussed the problem surrounding the use of narcotics does not in itself prejudice a jury, for it is not necessary for a fair trial that jurors have no impression or opinion of the crime, but only that a juror be able to view the evidence alone without influence from prior impressions and opinions.

7. Criminal Law—Jury—Newspaper Reports—Fair Trial—Prejudice.

Defendant, charged with the sale and possession of narcotics, was not denied a fair trial because a local newspaper ran a series of articles analyzing the problems connected with the use of drugs where there was no proof in the record that any juror was so inflamed by the article as to be prejudiced against the defendant and the publications did not create an atmosphere denying the defendant a fair trial.

8. Criminal Law—Appeal and Error.

Grounds for reversal of criminal conviction, neither raised in the trial court nor in a motion for a new trial, are not properly before the Court of Appeals for consideration.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 May 5, 1970, at Grand Rapids. (Docket No. 7,902.) Decided October 29, 1970.

Andrew Thomas was convicted of the sale and possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Pros-

ecuting Attorney, and *Fredric A. Grimm, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Norman C. Halbower,* for defendant on appeal.

Before: Holbrook, P. J., and Bronson and Munro,* JJ.

Munro, J.  On December 13, 1967, defendant Andrew Thomas was arrested and charged with the sale and possession of narcotics.  He was convicted of both charges, in a jury trial which commenced on March 20, 1969, and sentenced on April 10, 1969, to a term of not less than 20 years nor more than 21 years for the sale of narcotics with the recommendation of a 5 year minimum and a period of not less than 5 years nor more than 10 years on the conviction of possession of narcotics.  In the process of selecting the jury the original panel was exhausted before a jury of 12 could be selected.  The trial court authorized the bailiff to go out into the community and summon nine additional people from which would be selected the jurors to fill the remaining positions on the jury.  The people summoned by the bailiff were persons employed in various offices in the county building.  Two of the nine selected by this additional summoning process were eventually accepted by both parties and impaneled by the court.

Immediately preceding the beginning of the trial the Muskegon Chronicle had run a ten day series of articles analyzing and discussing the problems surrounding the use of narcotics.

Initially the defendant appealed this case on the basis of two objections.  The first that there was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a defective jury trial because the trial court used an improper method of selecting additional jurors after the regular jury panel was exhausted, and county employees should be prohibited from serving on a jury in accordance with the newly adopted jury board law, being MCLA §§ 600.1301–600.1352 (Stat Ann 1970 Cum Supp §§ 27A.1301–27A.1352). The second objection of the defendant is that the articles in the Muskegon Chronicle so inflamed the minds of the jury that they were prejudiced against defendant and that therefore defendant was denied a fair trial.

With regards to the first objection concerning the improper selection of jurors the position of the defendant is correct in light of the newly adopted jury board law which was enacted as PA 1968, No 326, but this law had not yet been implemented in Muskegon County and the jury board therein provided had not yet taken office. Defendant specifically claims the selection of the jury violated MCLA § 600.1307(1) (Stat Ann 1970 Cum Supp § 27A.1307[1]) which provides in part:

"The following persons are prohibited from jury service and the jury board shall strike their names from the qualified jurors list:

* * *

"(b) County officers and employees."

However, the defendant is precluded from using this argument because he waived objection to the additional jurors by not challenging them peremptorily or for cause during the *voir dire* examination, and the record clearly indicates that the defendant knew the two so-called talesmen to be employed in the county building and that one was an employee of the county equalization department and the other an employee of the intermediate school district. The

law is very clear that when an objection to a juror becomes known prior to the jury being sworn in, counsel must challenge at this point or waive any subsequent objection. *People* v. *Lange* (1885), 56 Mich 550; *People* v. *Lockhart* (1955), 342 Mich 595. The concept that trial counsel, as a part of trial tactics, who knows of grounds to challenge either peremptorily or for cause but does not do so and then elects to raise such issue on appeal is not a practice condoned by this Court, and counsel, in the absence of a showing of miscarriage of justice, will not be heard to complain, since counsel owes a duty to the court and to his client to raise such objections at the time of trial. In a recent case on this issue, *People* v. *McKee* (1967), 7 Mich App 296, the Court refused to upset a conviction in which the jury was composed of people who knew the defendant. The Court held that this issue could not be raised on appeal because the defendant knew of the disqualification and failed, as in the case here before the Court, to challenge the jurors for cause or to exhaust his peremptory challenges.

The second objection alleging lack of a fair trial as a result of adverse publicity is also without merit. The articles in the Muskegon Chronicle were of a general nature and there was no specific reference to this defendant or to the particular acts for which he was charged or convicted. In *People* v. *Jenkins* (1968), 10 Mich App 257, the Court upheld a conviction in spite of publicity concerning the particular crime. The Court stated that reading or hearing of the case does not in itself prejudice a juror. The Court also stated that it is not necessary for a fair trial that jurors have no impression or opinion of the crime. The only requirement is that a juror be able to view the evidence alone without influence from prior impressions or opinions. There is no

proof in this record to show that any juror was so inflamed by the articles as to be prejudiced against the defendant. The publications in the Muskegon Chronicle did not create an atmosphere denying defendant a fair trial.

At the time this matter was argued to the Court of Appeals defendant filed a supplemental brief contending further that this case should be reversed on two additional grounds. Neither of the two additional grounds were raised in the trial court nor in a motion for a new trial. They are not, therefore, properly before this Court for consideration when raised here for the first time. See *People* v. *Omell* (1968), 15 Mich App 154.

Since all objections raised on appeal are invalid the conviction must be affirmed.

All concurred.